UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-81251-CIV-ALTMAN/Brannon

**YVETTE HELEN BIDDLE**,

    Plaintiff,
v.

**LOWE'S HOME CENTERS, LLC**,

    Defendant.
_____/

## ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Remand ("Motion") [ECF No. 12], filed on October 3, 2019. On October 17, 2019, the Defendant, Lowe's Home Centers, LLC ("Lowe's"), filed a Response in Opposition ("Response") [ECF No. 15]. The Plaintiff did not file a timely Reply.

## THE FACTS

On August 27, 2019, the Plaintiff, Yvette Helen Biddle ("Biddle"), filed a single-count, state-court complaint, in which she alleged that the Defendant violated the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). *See* [ECF No. 1-2]. Biddle seeks damages of "no more than $5,000, exclusive of interest, costs, and for attorney's fees and costs" arising from her purchase of a single Roundup container that cost her $11.97. Compl. ¶¶ 1, 5; *see also* Image of Product Display at Exhibit A [ECF No. 1-2 at 28]. Biddle avers that Lowe's, which sold her the container, "fail[ed] to warn the consumer that the [Roundup] Product contains health hazardous ingredients and dangerous chemicals by lacking proper use instructions on the Product's label." Compl. ¶ 10.

Lowe's removed the case to federal court on September 9, 2019. *See generally* Notice of

Removal [ECF No. 1]. According to Lowe's, the Court may exercise subject-matter jurisdiction over this case because (1) the parties are completely diverse and (2) the amount in controversy exceeds $75,000. *Id.* On October 3, 2019, Biddle filed her Motion to Remand. [ECF No. 12].

**THE LAW**

A federal court should remand to state court any case that has been improperly removed. *See* 8 U.S.C. § 1447(c). The party attempting to invoke the federal court's jurisdiction bears the burden of establishing that jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936). "Not only does the language of the Act of 1887 evidence the Congressional purpose to restrict the jurisdiction of the federal courts on removal, but the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Indeed, "[d]ue regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Healy v. Ratta*, 292 U.S. 263, 270 (1934). "Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

District courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" the citizens of one state and the citizens or subjects of a foreign state. *See* 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity: every plaintiff must be diverse from every

defendant. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996)). For purposes of diversity jurisdiction, a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

The party invoking federal jurisdiction must establish that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). If left unchallenged, a removing defendant, "as specified in § 1446(a)[,] . . . need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). But, once challenged, "a conclusory allegation that the amount in controversy requirement is satisfied [is] insufficient to sustain jurisdiction." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1273 (11th Cir. 2000). "[W]here jurisdiction is based on a claim for indeterminate damages, the . . . party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003); *see also Dart Cherokee Basin*, 574 U.S. at 88.

## ANALYSIS

The parties agree that they are completely diverse and that FDUTPA contains a fee-shifting provision, by which the losing party may be required to pay the prevailing party's attorney's fees and costs. *See generally* Motion and Response. At issue here is a related question: whether, in calculating the amount in controversy in a removed case, a federal court should (a) attempt to extrapolate the reasonable amount of attorney's fees the plaintiff might incur if the case were to proceed to trial or (b) consider only the attorney's fees and costs the plaintiff actually incurred at the time of removal. As the parties point out, the Eleventh Circuit has not resolved this question,

and district courts in the Circuit are decidedly split on the issue. *See Tatum v. Progressive Select Ins. Co.*, No. 5:18-CV-165-MCR-GRJ, 2018 WL 7350671, at *2 (N.D. Fla. Oct. 16, 2018) (collecting cases). Notably, neither party suggests that the attorney's fees and costs Biddle had incurred *by the time of removal* are sufficient to satisfy the amount in controversy requirement. And, in considering whether the amount in controversy requirement has been met, federal courts may use their "judicial experience and common sense." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1063 (11th Cir. 2010).

In a recent case, this Court opted to consider only the amount of attorney's fees and costs the plaintiff had incurred *at the time of removal* in rejecting Target Corporation's argument that the amount in controversy requirement of § 1332 had been satisfied. *See Shelly v. Target Corporation*, Case No. 9:19-81231-CIV-Rosenberg, ECF No. 13 (S.D. Fla. Sept. 24, 2019). In that case, as here, the plaintiff alleged that Target had failed to warn her of the health risks associated with her use of Roundup, which she had purchased from one of its stores. *Id.* When Target removed the case to federal court, the plaintiff—again, as here—challenged Target's assertion that it had satisfied the amount in controversy requirement. *Id.* After acknowledging the split within this Circuit on the appropriate point in time at which fees and costs should be calculated, Judge Rosenberg noted that the "date of removal approach appears to predominate" in this Circuit. *Id.* at 3 (citing cases). In adopting this approach, Judge Rosenberg arrived at two important conclusions: *first*, she explained, any approach that attempted to extrapolate, for purposes of the amount in controversy requirement, the amount of fees and costs a plaintiff might incur through the date of some hypothetical future trial would, practically speaking, eviscerate the requirement itself and result in federal courts assuming jurisdiction "over a large swath of state-law claims"; *second*, she noted, the single-count, state-law, failure-to-warn complaint before her was not particularly

4

complex and would not, under normal circumstances, require a significant amount of legal work. *Id.* at 4-5.

The Court agrees with Judge Rosenberg's approach—which follows the majority rule in this Circuit—and concludes that, for purposes of the amount in controversy requirement in a removed case, courts should consider only the amount of attorney's fees and costs incurred *at the time of removal*. And, because Lowe's never suggests that the amount of fees and costs Biddle incurred by the time of removal—when added to the price of the Roundup container—exceeded $75,000, Lowe's has failed to meet its burden of satisfying the amount in controversy requirement here.

But, even were the Court to speculate about the amount of fees and costs Biddle might incur through the date of some hypothetical future trial, the Court would still find that Lowe's has failed to establish the requisite amount in controversy. Where, as here, a party's proffer with respect to the amount in controversy determination "substantially depends on a claim for attorney fees, that claim should [arguably] receive heightened scrutiny." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1080 (11th Cir. 2000). With the benefit of some "judicial experience"—and a modicum of "common sense," *see Michelin*, 613 F.3d at 1063—the Court agrees with the Plaintiff that this is a straightforward, garden variety FDUTPA case. *See Tatum*, 2018 WL 7350671 at *3 (doubting whether the costs of litigating "garden variety" cases—where, as here, the disputed monetary amounts are significantly lower than $75,000—might ever satisfy the amount in controversy requirement).

Indeed, applying "heightened scrutiny," the Court cannot see how the attorney's fees and costs in a single-count action filed in *county court* over an $11.97 bottle of Roundup might exceed, *by six-thousand times*, the cost of the product itself. Nor can Lowe's begin to justify an attorney's

fees award that would exceed, by five times, the jurisdictional limitations of the county court in which the Plaintiff elected to file her case. *See* § 34.01(1), Fla. Stat. To this point, Lowe's does not cite, and the Court has not found, even one example of a single-count FDUTPA case filed in county court—and in which the Plaintiff sought damages of "no more than $5,000"—that ultimately resulted in hundreds of hours of attorney work and more than $75,000 in attorney's fees. And, because "uncertainties" as to jurisdictional questions must be "resolved in favor of remand," *see Burns*, 31 F.3d at 1095, the Court hereby

**ORDERS and ADJUDGES** that the Plaintiff's Motion to Remand [ECF No. 12] is **GRANTED**. The Court lacks subject-matter jurisdiction over this case. The case is therefore **REMANDED** to the County Court of the 15th Judicial Circuit in and for Palm Beach County, Florida. The Clerk of Court is directed to **CLOSE** this case. Any other pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 31st day of October 2019.

 **ROY K. ALTMAN**
 **UNITED STATES DISTRICT JUDGE**

cc: counsel of record